**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0062-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHARLES JACKSON, a/k/a
RAHEEM WOODS,

    Defendant-Appellant.

_____

Submitted May 8, 2018 — Decided July 6, 2018

Before Judges Fisher and Moynihan.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Indictment No.
08-11-2612.

Joseph E. Krakora, Public Defender, attorney
for appellant (William P. Welaj, Designated
Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County
Prosecutor, attorney for respondent (Monica do
Outeiro, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

Defendant Charles Jackson was indicted for: second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), (c)(4) (counts one and two); second-degree luring or enticing a child, N.J.S.A. 2C:13-6 (count three); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count four). Defendant was found guilty after a jury trial on counts three and four, and of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b), as lesser-included offenses of counts one and two. He received an aggregate state prison sentence of fifteen years with seven and one-half years of parole ineligibility. We affirmed his conviction and sentence, State v. Jackson, A-5614-11 (App. Div. June 6, 2014);[1] our Supreme Court denied defendant's petition for certification, State v. Jackson, 220 N.J. 99 (2014).

Defendant appeals from the denial of his post-conviction relief (PCR) petition without an evidentiary hearing, arguing:

> POINT I
>
> THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY

---

[1] We need not repeat the facts that are set forth in our prior opinion.

A-0062-17T3

HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

B. TRIAL COUNSEL DID NOT ADEQUATELY REPRESENT THE DEFENDANT ARISING OUT OF HER FAILURE TO THOROUGHLY DISCUSS WITH HER CLIENT ALL RELEVANT RAMIFICATIONS ASSOCIATED WITH THE DECISION WHETHER OR NOT TO TESTIFY, FURTHER ADVISING THE DEFENDANT NOT TO TESTIFY DESPITE HIS DESIRE TO DO SO, AS A RESULT OF WHICH HE DID NOT TESTIFY IN HIS OWN DEFENSE.

C. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE TO MAKE A MOTION TO DISMISS THE INDICTMENT BASED UPON PROSECUTORIAL MISCONDUCT IN THE GRAND JURY.

POINT II

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION, IN PART, ON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-4.

Unpersuaded by any argument, we affirm.

Absent an evidentiary hearing, our review of the factual inferences drawn by the PCR court from the record is de novo. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). Likewise, we review de novo the PCR court's legal conclusions. Ibid.

Defendant claims only that his trial counsel failed to fully discuss the consequences of testifying at trial and, although he wanted to testify, trial counsel advised against it; he does not claim he was not informed of his right to testify. It is incumbent

3

on trial counsel "to advise defendant on whether to testify and to explain the tactical advantages or disadvantages" of that decision. State v. Savage, 120 N.J. 594, 630 (1990) (quoting State v. Bogus, 223 N.J. Super. 409, 423 (App. Div. 1989)). "[A] defendant's complete understanding of his right to testify can be confirmed only when we have assurances that he has been advised of the particular consequences in the trial at hand." State v. Bey, 161 N.J. 233, 311 (1999). We have such assurances on this case, gleaned from the record.

After the trial court reviewed the model charge, "DEFENDANT'S ELECTION NOT TO TESTIFY,"[2] with defendant, and defendant told the judge he wanted the instruction presented to the jury, his counsel asked the judge to conduct a Sands[3] hearing, explaining that "one of the reasons he's electing not to testify is because he has a criminal record" and that when she and defendant were discussing whether his prior convictions would be admissible to impeach his credibility, "the fact that he has prior convictions weighed heavily in our decision" not to testify. She continued, "But that's only my opinion. It's not a [c]ourt's finding whether it's admissible or not." Counsel wanted to ascertain the trial court's

---

[2] Model Jury Charges (Criminal), "Defendant's Election Not to Testify" (rev. May 4, 2009).

[3] State v. Sands, 76 N.J. 127 (1978).

opinion on the admissibility of the prior convictions and their possible sanitization.

A few things are clear from the record. The <u>Sands</u> hearing confirmed that trial counsel advised defendant regarding the use of his prior convictions if he testified. Counsel gave advice, but defendant elected not to testify. Although the trial judge did not engage in the thorough exploration with defendant of the possible consequences of his choice not to testify as did the judge in <u>State v. Ball</u>, 381 N.J. Super. 545, 555-57 (App. Div. 2005), defendant acknowledged in colloquy that he wanted the model jury charge. He admitted in his PCR-supporting certification that his counsel "advised against . . . taking the stand" but it was he who "followed" that advice; the decision not to testify was not unilaterally made by counsel. And it was made by defendant knowing the judge would likely decide — as he ultimately did — to admit his unsanitized prior convictions for first-degree robbery, second-degree possession of a weapon for an unlawful purpose, second-degree possession of CDS with intent to distribute within 500 feet of public property, third-degree possession of CDS with intent to distribute within 1000 feet of school property, a first-degree promoting prison contraband conviction in New York and third-degree possession of CDS. That decision did not change after defendant heard the judge's <u>Sands</u>-hearing ruling. In his

A-0062-17T3

certification defendant admitted, "I knew [not taking the stand] was a mistake, but I followed my trial attorney's advice to my detriment." We see no evidence to support defendant's contention his counsel failed to advise him of the consequences of exercising or waiving his right to testify, necessary to satisfy his burden to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

Further, we do not see that defendant established he suffered prejudice — which "is not presumed, and must be proven," State v. Fisher, 156 N.J. 494, 500 (1998) — due to counsel's deficient performance, Strickland, 466 U.S. at 687, 691-92. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58.

Defendant — other than to say that it was necessary that he testify about his version of events lest the jury be left only with the uncontroverted victim's testimony — did not provide an affidavit or certification setting forth his version. R. 3:22-10(c). "In order for a claim of ineffective assistance of counsel to entitle a PCR petitioner to an evidentiary hearing, 'bald assertions' are not enough — rather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard

A-0062-17T3

performance.'" State v. Jones, 219 N.J. 298, 312 (2014) (quoting State v. Porter, 216 N.J. 343, 355 (2013)). Based on this record, we do not determine, especially in view of his many prior convictions, that defendant has shown there is a reasonable probability his testimony would have affected the outcome of his trial.

We also agree with the PCR judge that the record regarding counsel's advice was sufficiently developed before the trial court and is thus barred. R. 3:22-4(a). The issue could have been raised on direct appeal and we see no exception under Rule 3:22-4(a)(1), (2) or (3) that warrants relief.[4]

Defendant's argument that trial counsel was ineffective because she failed to file a motion to dismiss the indictment based on prosecutorial misconduct is based on defendant's contention that "the grand jury was misled when it was informed there had been 'no results back yet' as to whether any semen had been found" does not accurately reflect the State's presentation, the pertinent part of which was:

A JUROR: Did they find any semen?

---

[4] The three exceptions to the bar are that: the issue could not reasonably have been raised in any prior proceeding; enforcement of the bar would result in fundamental injustice; or denial of relief would be contrary to a new state or federal constitutional law.

> [ASSISTANT PROSECUTOR]: None had been recovered?
>
> [DETECTIVE]: There hasn't been a conclusive result back from the lab yet. They were being sent to the lab but there's no results back yet.

We determine this argument lacks sufficient merit to warrant discussion. R. 2:11-3(e)(2). We add only the following brief comments.

Contrary to defendant's argument, the State did not withhold exculpatory evidence from the grand jury. As defendant concedes in his merits brief, the report available to the State on the date of the grand jury presentment — showing that no semen was found on the submitted items — was only preliminary. As the PCR judge found, it was not until eighteen days after presentment that the final laboratory report was completed, showing the presence of the victim's DNA — and no semen. At the time of presentment, as the detective testified, no conclusive results were available. The grand jurors were not told, nor could or did they consider any evidence in deliberating, that semen had been found. Moreover, as the PCR judge observed, the victim alleged defendant committed penile, oral and digital vaginal penetration. The absence of semen did not "squarely refute[] an element" of the crimes charged; the State, therefore, was not obligated to present the preliminary report. State v. Hogan, 144 N.J. 216, 237 (1996) (emphasis

omitted).  The oral and digital penetration was not refuted by the absence of semen.  And again, we do not see that defendant was prejudiced.  The jury did not find him guilty of the penetration charges.

Like the claim related to counsel's advice regarding his testimony, defendant's claim that counsel should have filed a motion to dismiss the indictment is barred under Rule 3:22-4(a). The grand jury presentation fully developed this issue which should have been raised on appeal; we determine no exception to the bar applies.

We also determine defendant's argument that the PCR judge abused his discretion by denying him an evidentiary hearing to be without sufficient merit to warrant discussion here.  R. 2:11-3(e)(2).  A defendant must establish a prima facie case in support of a PCR application, R. 3:22-10(b), by demonstrating "the reasonable likelihood of succeeding" under the Strickland test before an evidentiary hearing is ordered, Preciose, 129 N.J. at 462-63.  Defendant failed to do so and an evidentiary hearing was not warranted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0062-17T3